**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMES STEVEN HALL,

      Petitioner,

vs.

UNITED STATES OF AMERICA,

      Respondent.

Case No.:    3:16-cv-970-J-39JRK
                   3:15-cr-62-J-39JRK

---

## ORDER

This case is before the Court on Petitioner James Steven Hall's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1, § 2255 Motion).[1] Hall raises a single claim: that he is entitled to a minor-role reduction under U.S.S.G. § 3B1.2 and Amendment 794 to the United States Sentencing Guidelines. The United States has responded (Civ. Doc. 4, Response), and Hall has replied (Civ. Doc. 5, Reply). The § 2255 Motion is ripe for a decision.

Under 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that a hearing is not necessary to resolve the merits of this action. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing on a § 2255 motion is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief). For

---

[1]     Citations to the record in the underlying criminal case, United States v. James Steven Hall, No. 3:15-cr-62-J-39JRK, will be denoted as "Crim. Doc. __." Citations to the record in the civil 28 U.S.C. § 2255 case, No. 3:16-cv-970-J-39JRK, will be denoted as "Civ. Doc. __."

1

the reasons set forth below, Hall's § 2255 Motion is due to be denied.

## I.    Background

On May 13, 2015, a grand jury charged Hall with one count of manufacturing counterfeit Federal Reserve Notes, in violation of 18 U.S.C. § 471, and one count of passing counterfeit Federal Reserve Notes, in violation of 18 U.S.C. § 472. (Crim. Doc. 1, Indictment). On August 17, 2015, Hall pled guilty to both counts without a plea agreement. (See Crim. Doc. 25, Minute Entry for Change-of-Plea Hearing).

The United States Probation Office prepared a Presentence Investigation Report (PSR) in advance of the sentencing hearing. The PSR assigned Hall an adjusted offense level of 15 under U.S.S.G. § 2B5.1(b)(2)(A) because he manufactured counterfeit securities. See PSR at ¶¶ 20, 21, 25. Hall received a two-level reduction under U.S.S.G. § 3E1.1(a) for acceptance of responsibility, resulting in a total offense level of 13. Id. at ¶ 28. The PSR assigned Hall a Criminal History Category of IV, yielding an advisory sentencing range of 24 to 30 months in prison. Id. at ¶¶ 46, 100.

At the sentencing hearing, the Court adopted the Guidelines calculation without objection. (Crim. Doc. 40, Sentencing Tr. at 8). After hearing statements from Hall and his father, and after considering the factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Hall to a term of 24 months in prison. Id. at 32-33; (see also Crim. Doc. 36, Judgment). Hall did not file a notice of appeal. Less than a year after the entry of judgment, Hall filed the instant § 2255 Motion.

## II.     Discussion

Under Title 28, United States Code, Section 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 permits such collateral challenges on four specific grounds: (1) the imposed sentence was in violation of the Constitution or laws of the United States; (2) the court did not have jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C §2255(a) (2008). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack. United States v. Addonizio, 442 U.S. 178, 184-86 (1979).

Hall complains that he "was not given a reduction as a minor participant in [his] offense even though [he] was less culpable than the majority of those within the universe of persons participating in similar crimes." § 2255 Motion at 4. Hall argues that he is entitled to a minor-role reduction under U.S.S.G. § 3B1.2 and Amendment 794 to the Sentencing Guidelines. Amendment 794 is a clarifying amendment that spells out some of the circumstances in which a defendant is eligible for a minor-role reduction. See United States v. Cruikshank, 837 F.3d 1182, 1194 (11th Cir. 2016) (finding that Amendment 794 is a clarifying amendment). Amendment 794 added the following language to Application Note 3(C) of § 3B1.2:

> In determining whether [a defendant warrants a minimal or minor participant] or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:
>
> (i)      the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii)     the degree to which the defendant participated in planning or

3

> organizing the criminal activity;

> (iii)     the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

> (iv)     the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

> (v)     the degree to which the defendant stood to benefit from the criminal activity.

> For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.

> The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

U.S.S.G. Supp. App'x C, Amend. 794. Hall requests "a sentence reduction of 2 to 4 points pursuant to U.S.S.G. Amendment 794." § 2255 Motion at 12.

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc). When a prisoner claims that his "sentence was imposed in violation of the Constitution or laws of the United States ... or is otherwise subject to collateral attack," 28 U.S.C. § 2255(a), a court lacks authority to grant relief "unless the claimed error constitute[s] 'a fundamental defect which inherently results in a complete miscarriage of justice,'" Spencer, 773 F.3d at 1138 (quoting Addonizio, 442 U.S. at 185). A miscarriage of justice occurs where a defendant is actually innocent, or where a defendant's sentence is "unlawful," such as when the defendant and his counsel are denied the right to be present at the sentencing hearing, or where the sentence exceeds the statutory maximum. See id. at 1138-39. Additionally, a sentencing error qualifies as a "fundamental defect" where "a

4

prior conviction used to enhance [the defendant's] sentence has been vacated." Id. at 1139. However, lesser errors, such as a misapplication of the sentencing guidelines, do not authorize relief under § 2255. Id. at 1140 ("A misapplication of advisory sentencing guidelines ... does not violate an 'ancient' right, nor does it raise constitutional concerns."). "When a federal prisoner, sentenced below the statutory maximum, complains of a sentencing error and does not prove either actual innocence of his crime or the vacatur of a prior conviction, the prisoner cannot satisfy the demanding standard that a sentencing error resulted in a complete miscarriage of justice." Id. at 1139.

Hall's claim that Amendment 794 entitles him to a minor-role reduction is not cognizable under 28 U.S.C. § 2255. "A claim that the sentence imposed is contrary to a post-sentencing clarifying amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice." Burke v. United States, 152 F.3d 1329, 1332 (11th Cir. 1998). Similarly, although Amendment 794 was in place when Hall was sentenced, Hall's claim that he is entitled to a minor-role reduction is a non-constitutional issue that does not create a basis for relief under § 2255. Hall's claim does not implicate a miscarriage of justice, a fundamental defect, or the legality of his conviction and sentence. Even without receiving a minor-role reduction, Hall's conviction and sentence would remain lawful. Indeed, a judge of the Eleventh Circuit denied a certificate of appealability where the defendant asserted a right to a reduced sentence under Amendment 794 and § 2255, explaining that the issue did not implicate a miscarriage of justice. United States v. Johnson, No. 17–11911–C, 2017 WL 5125643, at *2-3 (11th Cir. Aug. 21, 2017) (order denying certificate of appealability). Likewise, Hall's Guidelines claim is not cognizable under § 2255 because it does not implicate actual

innocence or a fundamental defect.

## III.    Conclusion

Having considered the parties' filings and arguments, the Court has determined that Hall's sole claim of a Guidelines error is not cognizable under 28 U.S.C. § 2255. Accordingly, it is hereby **ORDERED:**

1. Petitioner James Steven Hall's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DENIED**.

2. The Clerk should enter judgment in favor of the United States and against Hall, and close the file.

3. If Hall appeals the denial of his motion, the Court denies a certificate of appealability (COA).[2] Because this Court has determined that a COA is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of June, 2019.

BRIAN J. DAVIS
United States District Judge

---

[2]    This Court should issue a COA only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court finds that a COA is not warranted.

lc 19


Copies:
Counsel of record
Petitioner